AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District MIDDLE DISTRICT OF PA. | |
|---|---|---|
| Name  JEREMY FONTANEZ | Prisoner No. 56997-066 | Case No. 55 MAL 2009 |
| Place of Confinement U.S.P. CANAAN P.O. Box 300 Waymart Pa. 18472 | | 10-952 |
| Name of Petitioner (include name under which convicted) JEREMY FONTANEZ | Name of Respondent (authorized person having custody of petitioner) RONNIE HOLT (WARDEN) | |
| The Attorney General of the State of: PENNSYLVANIA | | |

FILED SCRANTON MAY 04 2010 PER ___ DEPUTY CLERK

# PETITION

1. Name and location of court which entered the judgment of conviction under attack  Commonwealth of Pennsylvania  Lehigh County 455 W. Hamilton St. Allentown Pa. 18101

2. Date of judgment of conviction  July 1, 2004

3. Length of sentence  LIFE Plus 24-48 yrs

4. Nature of offense involved (all counts)  18 2501(A) Crim. Hom.; 18 3701(A)(1)(i) Robbery-Inflict Serious Bodily Injury; 18 903(A)(2) Crim. Cons. Aiding; 18 2702(A)(1) Agg. Ass; 18 2705 Reck. Endang. Another Pers.

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   _____
   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court  Commonwealth of Pa. Lehigh County 455 W. Hamilton St.

   (b) Result  Fowarded to the Superior Court Of Pa.

   (c) Date of result and citation, if known  May 2nd, 2007

   (d) Grounds raised  Ineffective Assistance of Counsel; Invalid Guilty Plea; Denial of Right to Appeal

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

     (1) Name of court  Superior Court of Pa.

     (2) Result  Petition "Quashed" as untimely

     (3) Date of result and citation, if known  Oct. 10, 2008

     (4) Grounds raised  Ineffective Assistance of Counsel; Invalid Guilty Plea; and Denial of Right to Appeal

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

     (1) Name of court  _____

     (2) Result  _____

     (3) Date of result and citation, if known  _____

     (4) Grounds raised  _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒  No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court  Supreme Court of Pa.

     (2) Nature of proceeding  Application of Appealability

     (3) Grounds raised  Ineffectiv eAssistance of Counsel; Invalid Guilty Plea; Denial of Right to Appeal

(3)

AO 241 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐  No ☒

    (5) Result __Denied. No explanatory notes__

    (6) Date of result __May 27, 2009__

(b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐  No ☐

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☒  No ☐
    (2) Second petition, etc.  Yes ☒  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

    __N/A__

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: (a) Conviction Obtained by a Plea of Guilty Which was Unlawfully Induced or Not Made Voluntarily With Understanding of the Nature of the Charge and Consequences of the Plea

Supporting FACTS (state *briefly* without citing cases or law) Attorney Fiorvanti coerced a guilty plea from Petitioner by misrepresenting the facts of the §2501 Crim. Hom. count. In addition, he misrepresented the facts concerning the commutation of a life sentence. Attorney Fiorvanti made statments claiming that Petitioner's life sentence could be commuted after 25 yrs should he program sufficiantly. Attorney Fiorvanti failed to infrom Petitioner of possible consecutive sentences in relation to the life sentence for the §2501 count and all other related charges, which would have made his argument for commutaion moot, where even if Petitioner's life sentence was commuted, he would simply be paroled to the consecutive sentences. Attorney Fiorvanti failed to inform Petitioner of this fact.

B. Ground two: (i) Denail of Effective Assistance of Counsel

Supporting FACTS (state *briefly* without citing cases or law): Attorney Fiorvanti deliberately misrepresented facts (see ground one) During an initial preliminary hearing Mr. Fiorvanti failed to openly contest the testimony of an eye witness who's original statement to the investigating officers said that he could not identify his assailant. However, during the preliminary hearing, the eyewitness testified to the fact that he could not identify his assailant, but began to describe the Petitioner as he was in the court room. Petitioner brought this to Mr. Fiorvanti's attention, as didi his assistant Kate. Yet, Mr. Fiorvanti failed to confront this witness on the desparety of his testimony in open court. There was no stenographer during this hearing, only a tape recorder. Mr. Fiorvanti elicited money from Petitioner's grandmother claiming

see attachment

(5)

CONTINUED STATEMENTS OF FACTS                                    Page 1

Ground Two Continued:

he could provide "better representation" if he were paid. Mr. Fiorvanti was already Court Appointed to Petitioner's case in the Federal Court and the Court of Common Pleas.
    Mr. Fiorvanti failed to pursue an important issue concerning the orifinal pathologist on Petitioner's case. Ms. Renea Houtz conducted the initial DNA testing for Petitioner's case. Her testing produced negative results.
    Shortly after Ms. Houtz was dismissed from the Pa. State Police Barracks, her findings were disregarded and new tests were conducted. Although the prosecution was already in possession of the Petitioner's DNA preserved from earlier samples, the prosecution requested that Petitioner give blood for new DNA samples. Petitioner objected to the new blood sample, yet Mr. Fiorvanti continuously urged Petitioner to give the blood until Petitioner relented.
    Petitioner urged Mr. Fiorvanti to investigate further into the dismissal of the pathologist Renae Houtz. Her analysis was vital to Petitioner's case, and her dismissal was sudden and suspicious. Ms. Houtz's results for DNA match were negative in Petitioner's case, yet when the prosecution dismissed Ms. Houtz and her results, new testing was conducted and the results were in the prosecution's favor.
    Further investigation into Ms., Houtz's dismissal could have revealed informaiton that may have been detrimental to Petitiioner's case. Mr. Fiorvanti did not investigate further, however, and Ms. Houtz's original findings were replaced with findings of a DNA match on the mouthes of three Hieneken bottles. This devestated Petitioner's case, yet there was never any probe into the sudden change in pathologists and the sudden change in results, leaving this extreme turn of circumstances uncontested.
    Mr. Fiorvanti withheld pertinant information regarding a fingerprint analysis on the Hieneken bottles that allegedly contained traces of Petitiioner's salive around the mouthes of the bottles. Petitioner requested that the bottles be checked for fingerprints. Mr. Fiorvanti said "it would be a waste of time and money for your family".
    It wasn't until January of 2006 that Petitioner learned that fingerprint testing had been done on the bottles with negative results. Mr. Fiorvanti withheld this information from Petitioner while pushing Petitioner towards a guilty plea.
    Mr. Fiorvanti failed to comply with Petitioner's request transcripts of an evidentiary hearing held in the Federal District Court.(Mr. Fiorvanti represented Petitioner during both a Federal Indictment and an Information in the Court of Common Pleas) During the federal evidentiary hearing, Trooper McFadden testified on behalf of the government.
    There was also an evidentiary hearing hel in the Court of Common Pleas shortly after the federal evidentiary hearing. Trooper McFadden also testified during this hearing. Mr. Fiorvanti's to obtain the transcripts from the federal hearing negatively affected the evidentiary hearing in the Court of Common Pleas where Trooper McFadden testified in both hearings, and the trancscripts from the federal hearing were needed to rebut any descrepencies

in Trooper McFadden's testimony.

Furthermore, the Court of Common Pleas denied Petitioner's evidentiary hearing mainly on the basis of the Federal COurt's denial of the prior evidentiary hearing, and not on the full merits of the issues brought forth during the evidentiary hearing. Mr. Fiorvanti did not object to this obvious violation of the Petitioner's Due Process Rights to have his issues reviewed objectively by the COurt and on the merits.

During pre-trial, Mr. Fiorvanti pushed harder and harder for Petitioner to plead guilty. Petitioenr maintianed his innocence throughout the pre-trial proceedings. Mr. Fiorvanti's persistance wore down Petitioner's resolve. One key issue is that Mr. Fiorvant misrepresented facts in regards to the Commonwealth's policy on commuting life sentences. He claimed that if Petitioner pled guilty to life in prison, Petitioner could get his sentence commuted in about 25 years if Petitioner programmed and stayed out of trouble.

What Mr. Fiorvanti failed to explain to Petitioner is that the the related charges could be implemented consecutively to the life sentence. It was understood that life sentence was the max. sentence the Petitioner would receive with the oppertunatey to have his life sentence commuted in the years to come. The fact that Mr. Fiorvanti neglected to inform Petitioner of the potential for consecutive sentences with the life sentence on all related counts shows clear prejudice and Mr. Fiorvanti's irresponsible handling of plea negotiations with Petitioner.

Furthermore, the implementing of consecutive sentences renders Mr. Fiorvanti's argument for a commuted sentence moot, because Petitioner would only be paroled to to a fresh 24-48 yrs.

Ultimately, Mr. Fiorvanti failed to make Petitioner aware of a possible consecutive sentencing scheme before encouraging Petitioner to enter into a guilty plea for a life sentence. In addition, Mr. Fiorvanti failed to object when the judge handed down the consecutive 24-48 yrs, even though Petitioner urged him to do so.

Although Petitioner asked MR. Fiorvanti to appeal the sentence handed down by the Court of Common Pleas, he did not do so. He did not even file an Anders brief. He allowed the Petitioner to continue with pre-trial proceedings in the federal court without ever filing an appeal against the life sentence, despite that Petitioner asked him to.

After the completion of both the Commonwealth Information and the Federal Indictment, Mr. Fiorvanti failed to contact Petitioner or Petitioner's family when attempts were made to contact him. Petitioner wrote letters, and Petitioner's family made calls, all requesting all the information pertaining to Petitioner's cases.

Mr. Fiorvanti did not contact or relinguish the files until a year after the convictions. Petitioner's family did not receive the files until January of 2006, and the files were incomplete. Mr. Fiorvanti claimed that documents were u ruined due to a flood in his basement.

Mr. Fiorvanti deliberately hindered Petitioner's appeal effort because he knew that Petitioner was filing ineffective claims.

AO 241 (Rev. 5/85)

C. Ground three: __(j) Denial of Right to Appeal__

Supporting FACTS (state *briefly* without citing cases or law): __Because Petitioner was__ immediately transferred back to a federal facility after his conviction in the Court Common Pleas, Petitioner was without access to Commonwealth legal material. BO.P. Policy does not mandate that federal istitiutions provide state law material Because of this lack of requirement in federal institutions, Petitioner was denied the ability to properly research and pursue an effective appeal in the Commonwealth Court. It is for this reason, and Petitioner's attorney's lack of attentiveness, that the Petitioner was unaware of the one year restrictionprovided by the P.C.R.A. However, it is clear by the records that the Petitioner has practived due diligence in attemting to perfect his appeals.

D. Ground four ____

Supporting FACTS (state *briefly* without citing cases or law): ____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: ____

    N/A

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing __John Fiorvanti__
    Fiorvanti and Knight 93 East Court Street Doylestown Pa. 18901

    (b) At arraignment and plea __John Fiorvanti and David Knight__

(6)

AO 241 (Rev. 5/85)

   (c) At trial    John Fiorvanti and David Knight

   (d) At sentencing    John Fiorvanti and David Knight

   (e) On appeal    Pro-se

   (f) In any post-conviction proceeding    Pro-se

   (g) On appeal from any adverse ruling in a post-conviction proceeding    Pro-se

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☒   No ☐
   (a) If so, give name and location of court which imposed sentence to be served in the future: Petitioner is currently serving a sentencing from an indictment in Federal District Court for the Eastern District of Pa.

   (b) Give date and length of the above sentence: Sentenced on Dec. 7, 2004.  35 Yrs.

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☒   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

4/27/10
(date)

_____
Signature of Petitioner

(7)

    Enclosed please find an application to proceed in forma paupers and one original and two copies of the Petitioner's application for his 28 §U.S.C. 2254 habeas corpus appeal.
    Thank you.
                      Respectfully, _Jeremy Fontro_



Jeremy Fortner
56007-066
U.S.P. Canaan
P.O. Box 300
Waymart Pa. 18472

No Fees
Enclosed
— J

Clerk of Court
United States District Court
Middle District of Pennsylvania
P.O. Box 1148
Scranton Pa. 18501

SCRANTON PA 185
MON 03 MAY 2010 PM

RECEIVED SCRANTON
MAY 04 2010
PER _____ DEPUTY CLERK